IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES BRENT BEASLEY,

    Plaintiff,

v.   No. 1:21-cv-01142-JDB-atc

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

___

ORDER OVERRULING PLAINTIFF'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND SUA SPONTE DISMISSING CASE WITH PREJUDICE
___

On September 28, 2021, the pro se Plaintiff, James Brent Beasley, filed a complaint against the Defendant, the Commissioner of Social Security, utilizing a form stating that the suit sought judicial review of a denial of disability benefits. (Docket Entry ("D.E.") 1.) In an order entered October 25, 2021, Plaintiff was granted leave to proceed in forma pauperis. (D.E. 8.) The case was referred to the United States Magistrate Judge for management and all pretrial matters for determination and/or report and recommendation pursuant to Administrative Order 2013-05. In a report and recommendation entered March 28, 2022, United States Magistrate Judge Annie T. Christoff recommended that the complaint be sua sponte dismissed as untimely and, in the alternative, for lack of subject matter jurisdiction. (D.E. 16.) On April 7, 2022, Plaintiff filed what the Court construes as an objection to the report and recommendation. (D.E. 17.)

Title 28 U.S.C. § 636(b)(1) provides that the district judge "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge." 28 U.S.C. 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); LR 72.1(g)(2). A party's objection must be "specific[] enough to enable the district court to discern those issues that are dispositive and contentious." *Ragland v. F & M Koz, Inc.*, No. 2:21-cv-02530-TLP-cgc, 2022 WL 945317, at *4 (W.D. Tenn. Mar. 29, 2022) (internal quotation marks omitted). That is, the objection "should include how the [magistrate judge's] analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Taylor v. Haven Hill MHP*, Case No. 2:21-cv-2492-MSN-atc, 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021). A general objection, such as one that "merely restates the arguments previously presented," falls short of sufficiently identifying errors in the magistrate judge's report and recommendation. *Id.* "When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error." *Id.* (citing cases).

      Beasley's filing not only fails to specifically object to Judge Christoff's dispositive conclusions that this matter is time-barred and/or that this Court lacks subject matter jurisdiction, it mentions them not at all. Rather, it amounts to a rehashing of arguments presented to the magistrate judge that go to the merits of the claim, which is irrelevant to timeliness or jurisdictional issues. As the Court finds no clear error, Plaintiff's objection is OVERRULED, the report and recommendation is ADOPTED, and the complaint is DISMISSED with prejudice.

      Section 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead this Court to dismiss the complaint sua sponte also compel the Court to conclude that an appeal by Plaintiff would not be taken in good faith.

2

It is therefore CERTIFIED, pursuant to § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith.

IT IS SO ORDERED this 11th day of May 2022.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE